Filed 5/7/14  P. v. Galaz CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>STANLEY GALAZ,<br><br>        Defendant and Appellant. | F066940<br><br>(Super. Ct. Nos. VHC275741, VCF019857-94)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Kathryn T. Montejano, Judge.

Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Franson, Acting P.J., Peña, J. and LaPorte, J.[†]

[†]        Judge of the Superior Court of Kings County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Appellant, Stanley Galaz, appeals following the court's implicit denial of his motion to modify his three strikes sentence. Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

On October 19, 1994, Galaz was convicted by a jury of first degree burglary (Pen. Code, § 459, subd. (a)).[1] In a separate proceeding the court found true two prior prison term enhancements (§ 667.5, subd. (b)) and allegations that Galaz had two prior convictions within the meaning of the three strikes law (§ 667, subds. (b)-(i)).

On November 16, 1994, the court sentenced Galaz to an indeterminate term of 27 years to life, 25 years to life on his burglary conviction and 2 one-year prior prison term enhancements.

On November 21, 2012, Galaz filed a petition for a writ of habeas corpus requesting a modification of sentence pursuant to section 1170.126.

On February 21, 2013, the court implicitly denied the petition when it took the matter off calendar after the prosecutor advised the court that Galaz did not qualify to be resentenced pursuant to section 1170.126 because he had been convicted of a serious felony, residential burglary. (See § 1170.126, subd. (e)(1).)

On March 22, 2013, Galaz filed an appeal in this matter.

Galaz's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*Wende, supra,* 25 Cal.3d 436.) Galaz has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

---

[1] All further statutory references are to the Penal Code.

## **DISPOSITION**

The judgment is affirmed.